People v Morales (2026 NY Slip Op 50283(U))

[*1]

People v Morales

2026 NY Slip Op 50283(U)

Decided on March 6, 2026

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2026
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstS. Morales, Defendant.

Docket No. CR-017449-25BX

For the defense: Nyiesha Hudson, The Legal Aid Society
For the People: Bronx ADA Cara L. Hernandez

David L. Goodwin, J.

Pending is defendant S. Morales's [FN1]
omnibus motion. It is resolved as follows. As the parties are the primary audience, familiarity with the facts is assumed.
The branch seeking invalidation of the People's certificate of compliance (COC) and dismissal under C.P.L. § 30.30 is denied, as the People have met their burden of showing good faith, reasonable efforts, and due diligence in connection with their discovery obligations. See C.P.L. § 245.50(5)(a); People v. Bay, 41 NY3d 200, 211, 213 (2023).
Regarding the belatedly disclosed material, the defense asserts that the audit logs and body-cam footage were not properly shared; the People counter that they were. Regardless, the record reflects that the People repeatedly reshared the material, which is now in the defense's [*2]possession. Any delay in disclosure would not tip the scales in favor of dismissal.
The medical records for the complaining witness may not be relevant to this discovery dispute at all. The defense focuses on the myriad subsections of § 245.20(1) under which the records would have been relevant, but concedes also that the records were not within the People's possession or control. See Defense's Reply at 3. Under precedent that currently binds this Court, records like these are not part of the initial disclosure obligations, and thus relevant to the validity of a COC, unless they are both discoverable under § 245.20(1) and within the People's possession under (2). See People v. Branton, 238 AD3d 1429, 1431 (3d Dept. 2025); People v. Radford, 237 AD3d 1511, 1512 (4th Dept. 2025); People v. Walker, 232 AD3d 1214, 1215—17 (4th Dept. 2024). Regardless, while the People should have endeavored to subpoena those records earlier, the particular circumstances of this case provide justification for why the People did not.
Regarding the allegedly nondisclosed material, some may not exist, and others (such as the ZOLPA) are of limited relevance. The People are also correct that Giglio material need not be disclosed for non-testifying officers. Nevertheless, because so-called Giglio material may still be relevant for a non-impeachment purpose, the People are ordered to determine whether any of the "Giglio" material for Officer Delacruz could pertain to the alternative bases for disclosure contained in C.P.L. § 245.20(1)(k)(i)—(iii). If yes, the People should disclose that material to the defense. Similarly, and without making any finding on whether they should have been automatically disclosed, the Court orders, as an exercise of discretion, the People to disclose the IAB log attachments for Officers Georges and Fogarty. The People must also continue to investigate whether the additional material identified by the defense exists and, if it does, promptly disclose it.
The People have otherwise made an adequate record of their outreach, and the § 245.50(5)(a) factors weigh generally in their favor.
The defense's request for Wade and Huntley hearings is granted. The request for a Dunaway hearing is denied, as there is no indication that the defendant was unlawfully arrested or that the statements or identification were fruits of an unlawful seizure. The hearing court may, of course, reassess the issue if warranted. Any Sandoval/Ventimiglia/preclusion issues are referred to the trial court. The request for Brady/Villardi specific disclosures is struck and will not be considered. Any other requests not specifically mentioned are denied.
Dated: March 6, 2026
Bronx, NY
David L. Goodwin
Judge of the Criminal Court

Footnotes

Footnote 1:The version of this decision submitted for electronic publication has been lightly redacted to remove certain identifying information.